IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

RAYMOND GLASPER,

        Defendant.

Case No. 3:11-CR-30053-NJR-1

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are two Emergency Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Raymond Glasper. (Docs. 99, 107). In the first motion, Glasper asserts that his health is declining and there is a disparity between his sentence and other sentences for the same conduct because his sentence was erroneously enhanced through the application of § 4B1.5. (Doc. 99). In his second motion, Glasper adds that he has now been diagnosed with "hyperglycemia, essentially hypertension and hypolakemia." (Doc. 107). After the Government's Motion to Dismiss for lack of exhaustion was denied (*see* Doc. 105), the Government filed a timely response in opposition. (Doc. 106). For the following reasons, Glasper's motions are denied.

### BACKGROUND

On March 5, 2012, Glasper was sentenced to 240 months' imprisonment after he pleaded guilty, pursuant to a written plea agreement, to one count of child pornography in violation of 18 U.S.C. 2251(a). (Docs. 39, 59, 61). The conduct for which Glasper was charged occurred between May and October 2008. After Glasper was arrested for an

unrelated traffic offense, officers found a micro SD card in his center console that contained videos of two minor females, one of whom was nude and standing in the bathtub being videotaped, and the other Glasper surreptitiously recorded as she entered and exited the shower. (Doc. 52). One of the minors was Glasper's eight-year-old niece. (Doc. 32). In the video, Glasper can be heard telling the victim to pose while standing nude in the bathtub. Glasper also directed her to show her feet and zoomed in on her breasts, feet, and genitalia. In a voluntary, videotaped interview, Glasper admitting having a foot fetish.

The other minor was Glasper's own 13-year-old daughter. Glasper hid a camera behind a towel with a hole cut in it and recorded her while she was nude, getting in and out of the shower. There were also numerous videos of Glasper zooming in on his daughter's butt or feet while she was engaged in regular activities, as well as videos of Glasper sneaking into her room at night, with a flashlight, so he could videotape her butt and feet while she was asleep. In some of the videos, Glasper licked and kissed his daughter's feet.

Glasper first filed a *pro se* Motion for Compassionate Release on April 28, 2020, which his attorney later supplemented on August 24, 2020. (Docs. 65, 70). Glasper requested that his sentence be reduced to time served due to his recent COVID-19 diagnosis combined with his uncontrolled diabetes, hyperlipidemia, hypertension, polyneuropathy, and asthma. (*Id.*). The Court denied the motion, even in light of the COVID-19 pandemic, because there was evidence that Glasper refused treatment for his diabetes, his asthma was well controlled, his hypertension was not severe, and his

condition was stable. (Doc. 76). In evaluating the 18 U.S.C. § 3553(a) factors, the Court stated:

> Glasper preyed on two minor females, used his status as a family member to gain access, and took pornographic photos of them. Based on this conduct, the Court cannot guarantee that Glasper would not be a danger to the safety of any other person or the community if he were released. Moreover, Glasper has served only a portion of his 20-year sentence. Reducing his sentence to time-served would fail to reflect the seriousness of his crime, promote respect for the law, or provide just punishment for the offense.

(*Id.*). The Court's decision was affirmed on appeal by the Seventh Circuit. (Doc. 86).

With his current motions, Glasper reiterates his health problems, which he claims the Bureau of Prisons (BOP) is not adequately treating. He also claims his sentence is disparately long when compared to similar offenders, and he points to his rehabilitation and self-declared low risk of recidivism. (Docs. 99, 107).

## DISCUSSION

Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One exception allows a court to grant an inmate compassionate release if the inmate meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). A federal prisoner may bring a motion for compassionate release after exhausting the administrative remedies provided by the BOP. *Id.*

The Seventh Circuit has described a two-step process for evaluating a prisoner's motion for compassionate release. First, "the prisoner must identify an 'extraordinary and compelling' reason warranting a sentence reduction." *United States v. Thacker*, 4 F.4th

569, 576 (7th Cir. 2021). Second, "[u]pon a finding that the prisoner has supplied such a reason," a court "consider[s] any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner." *Id.*

The Sentencing Commission has issued a policy statement that applies to compassionate release motions filed by defendants and provides that "extraordinary and compelling reasons" exist if the defendant is suffering from a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 (b)(1)(B).

Here, the Court finds no extraordinary or compelling circumstances exist that would warrant compassionate release. While Glasper complains of his health issues, the Government has supplied medical record evidence demonstrating that Glasper is non-compliant with his medications, including his insulin, and is not dieting and exercising as directed. (Doc. 106-1). He has been prescribed Metformin, Glipizide, and Ozempic for his diabetes. (Docs. 106-1, 106-4). Additionally, his asthma is well controlled and his hypertension is regularly monitored and controlled. (Docs. 106-1, 106-3). Thus, the Court finds that Glasper is not suffering from any medical condition that substantially diminishes his ability to provide self-care within the prison. *See United States v. Hernandez*, No. 1:05-CR-00485-6, 2025 WL 2916991, at *3 (N.D. Ill. Oct. 14, 2025) (finding high blood pressure and high cholesterol do not meet the criteria of § 1B1.13 (b)(1)(B) because they do not amount to a "serious physical or medical condition" that "substantially diminishes" the inmate's ability to take care of himself, much less a terminal illness or a

medical condition that requires long-term or specialized care that is not being provided); *United States v. Mendoza*, 2025 WL 1323705, at *2 (N.D. Ill. May 7, 2025) (finding diabetes, high blood pressure, high cholesterol, arthritis, sleep apnea, and back pain do not constitute an extraordinary and compelling reason when medical records show the prison is treating those conditions).

With regard to Glasper's sentencing disparity argument based on the application of an enhancement, the Seventh Circuit has previously found that a compassionate release motion based on a sentencing disparity is "a challenge to a length of the prison sentence" appropriately heard on direct appeal or in a § 2255 motion, not on compassionate release. *United States v. O'Neill*, 735 F. Supp. 3d 994, 1024 (E.D. Wis. 2024) (quoting *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir. 2020)). Thus, that claim is not cognizable here.

Finally, with regard to Glasper's self-declared rehabilitation, it is well settled that rehabilitation alone is not enough to be eligible for compassionate release. *United States v. Peoples*, 41 F.4th 837, 842 (7th Cir. 2022).

Even if Glasper had presented extraordinary and compelling reasons for compassionate release, the Court would still deny his motion based on the § 3553(a) factors. As the Court previously explained in denying Glasper's prior motion, Glasper preyed on two minor females, used his status as a family member to gain access, and took pornographic photos of them. With his young niece, he convinced her to show him her nude body and feet, acting like it was normal to do so. With his teenage daughter, he hid a camera behind a hole in a towel while she showered, he took videos of her butt, and he

filmed himself licking and kissing her feet. Based on this conduct, the Court cannot guarantee that Glasper would not be a danger to the safety of any other person or the community if he were released. The Court agrees with the Government that Glasper should serve every day of his sentence to reflect the seriousness of his crime, promote respect for the law, and provide just punishment for the offense.

For these reasons, the Emergency Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) filed by Defendant Raymond Glasper (Docs. 99, 107) are **DENIED**.

**IT IS SO ORDERED.**

DATED:   **January 20, 2026**

　　　　　　　　　　　　　　　　　　　　**NANCY J. ROSENSTENGEL**
　　　　　　　　　　　　　　　　　　　　**United States District Judge**